IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LaGARDE, INCORPORATED | ) | Case No. 08-22938 |
| | ) | |
| Debtor. | ) | |

**GREENSOFT SOLUTIONS, INC'S EMERGENCY MOTION FOR TERMINATION OF WEB HOSTING SERVICES, OR ALTERNATIVELY, <u>CONVERT CASE TO CHAPTER 7, OR DISMISS</u>**

Greensoft Solutions, Inc. ("**GSI**") submits its Emergency Motion for Termination of Service, or Alternatively, Convert Case to Chapter 7, or Dismiss because Debtor failed to pay the utility amounts to GSI pursuant to this Court's Order of November 28, 2008. In support of its motion, GSI states as follows:

1. Debtor filed for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") on November 7, 2008.

2. Debtor filed its Emergency Motion for Order (a) Prohibiting Utilities from Altering, Refusing or Discontinuing Services; (b) Commanding Utility Greensoft Solutions, Inc. to Resume Essential Services that if Terminated or Curtailed on or Before the Petition Date; and (c) Establishing Procedures for Adequate Assurance of Payment Under 11 U.S.C. § 366(a) (Dkt. #3) on November 10, 2008.

3. On November 13, 2008, this Court heard testimony and considered other evidence in the ruling that resulted in its Order entered on November 28, 2008 ("**Order**").

4. Among other things, this Order directed Debtor to pay GSI $64,000 on December 1, 2008.

5. In contravention to this Order, Debtor only paid GSI $18,000, which amount covers barely one week's worth of costs for the services provided by GSI, instead of the $64,000 ordered by this Court.

6. GSI is an Internet hosting services provider based in Kansas City, and was considered by this Court to be a "utility" for purposes under 11 U.S.C. § 366. It was directed that GSI resume administrative services for Debtor's customers through the internet hosting services. During this timeframe, GSI has expended and incurred substantial debt and other expenses in order to provide these services to the Debtor and its customers.

7. Because Debtor failed to pay the $64,000 under the Order and only paid $18,000, GSI requests this Court to permit GSI to immediately terminate the Internet web hosting services and other services it provides to Debtor, without further notice to Debtor.

8. Alternative, GSI requests that this Court convert this case to Chapter 7 of Title 11 of the Bankruptcy Code, or dismiss Debtor's case based on 11 U.S.C. §1112(b).

9. Under 11 U.S.C. § 1112(b), if the movant establishes cause, a party in interest may move the Court to convert a debtor's bankruptcy case to a case under Chapter 7, or dismiss this case, whichever is in the best interest of the creditors and the estate. Under 11 U.S.C. § 1112(b)(4)(E), cause includes a "failure to comply with an order of the Court."

10. Only one fact need be shown to establish "cause" under Section § 1112(b) and that is present in this case. Debtor failed to comply with the Court's November 28, 2008 Order to pay GSI $64,000. GSI continues to expend large amounts of money to provide services to the Debtor. The Bankruptcy Code presumes that a debtor-in-possession will generally satisfy its current post-petition obligations as they are incurred. GSI believes that the Debtor can not pay its post-petition obligations to GSI. If the Debtor is administratively insolvent, how can the

Debtor expect GSI or other service providers to continue to provide services without any chance of getting paid. It is not fair to GSI or other service providers.

11. Debtor may attempt to argue that it should be allowed, despite violating this Court's Order, to continue operations and that GSI and others should continue to provide services until the sale of its assets closes in December 2008 because they can be paid from the sale of the assets to the proposed buyer. While this sale may be likely, upon closer inspection of the Debtor's sale motion and sale contract, the only money coming to the estate at closing is around $300,000.00, less the $10,000 carve out, and less payment for Debtor's trust fund tax obligations, which amount is not disclosed to the Court or the creditors at this time. After the closing, the estate MAY receiver quarterly earnout payments that are to start 15 days after the third, sixth, ninth, and twelfth calendar months following the closing. Under the sale contract, these earnout payments assume there will be cash collection revenues from only the Debtor's StoreFront.net revenue for these quarters that exceed $560,000. If these cash collections revenues do not exceed the threshold amount of $560,000 for the various quarters, the buyer does not have to make the earnout payments. At end, the buyer may not have to pay any further payments to the estate after closing, and the estate would be left with no money to distribute for administrative claims or general unsecured claims. Thus, while the buyer gets Debtor's assets for a song, and the Debtor's principal is allowed to walk away with a license to the Debtor's Phoenix software, the service providers who continue to provide services to keep and preserve the Debtor's estate assets potentially get nothing. This is not the purpose of the bankruptcy protections.

FOR THE FORGOING REASONS, GSI respectively requests this Court allow GSI to immediately terminate its services without further notice to Debtor, or in the alternative, convert

Debtor's case to a case under Chapter 7 of Title 11 of the Bankruptcy Code, or dismiss Debtor's case altogether.

        Respectfully submitted,

        LATHROP & GAGE L.C.

        *s/ John T. Coghlan*
        John T. Coghlan    KS #14438
        2345 Grand Boulevard, Suite 2800
        Kansas City, Missouri 64108-2684
        Telephone: (816) 292-2000
        Telecopier: (816) 292-2001
        E-Mail: jcoghlan@lathropgage.com

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing was served, via ECF or by First Class United States Mail, Postage Prepaid, on the following counsel of record this 2nd day of December, 2008.

James F.B. Daniels
A. Jeffery Mislner
McDowell Rice Smith & Buchanan, P.C.
605 W. 47th Street, 350
Kansas City, MO 64112-1905

Eric L. Johnson
Scott J. Goldstein
Spencer Fane Britt & Browne LLP
1000 Walnut, Ste. 1400
Kansas City, MO 64106

Craig Eymann
Cedar Creek Development VI, LLC
4444 W. 89th Street
Prairie Village, KS 66207

Harry Zecy
PCM Leasing Corp.
P.O. Box 7057
Kansas City, MO 64113-0057

Todd Williams
Skyline Displays Heartland Inc.
1700 E. 123rd Street
Olathe, KS 66061

Office of the United States Trustee
301 N. Main Street, Suite 500
Wichita, KS 67202

Mike Albe
Catapult Systems, Inc.
3001 Bee Caves Road, Ste. 300
Austin, TX 78746

LaGarde, Incorporated
25055 West Valley Parkway
Olathe, KS 66061

Michael Levin
Sales Software Solutions, Inc.
4927 W. 88th Street
Prairie Village, KS 66207

                *s/John T. Coghlan*
                Attorneys For Greensoft Solutions, Inc.